**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NATIONAL CHENG KUNG UNIVERSITY, | § § § | |
| v. | § § | Case No. 2:13-CV-380-JRG-RSP |
| GEO SEMICONDUCTOR INC. | § § § § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Geo Semiconductor ("GEO")'s "Motion for Attorney's Fees and Costs Pursuant to 28 USC § 1927 Against Plaintiff NCKU's Attorneys" (Dkt. No. 11, filed July 3, 2013.) For the reasons set forth below GEO's motion is DENIED.

While not immediately obvious to the Court from the Parties' briefing, what the Parties actually have is a cautionary tale about the value of clear communication between attorneys and the dangers of contentiousness, not a substantive dispute. The Court finds, after an in-depth review, that there was never any unreasonable or vexatious conduct by either party within the meaning of 35 U.S.C. § 1927, only an initial misunderstanding that blossomed into the Parties' present dispute. The Court believes it is worth understanding what happened to the Parties.

Before explaining the Parties' misunderstanding, it is necessary to understand one piece of background information: prior to the filing of this suit ("the '380 Action") there was a prior suit (Case No. 2:13-cv-268 ("the '268 Action")) that accused GEO's Realta and sxW2 image processors ("Original Image Processors"). The '268 Action was voluntarily dismissed after GEO provided information to NCKU that the Original Image Processors did not infringe.

Here is what led to the Parties' misunderstanding. When the '380 Action was commenced, NCKU, apparently inadvertently, was again served with the complaint from the '268 Action instead of the new complaint that was filed in the '380 Action. (*Compare* Dkt. No.

11-2, hereinafter "'380 Served Complaint," to Dkt. No. 1, hereinafter "'380 Filed Complaint"). At this point GEO apparently believed that it had been deliberately served, again, with the Complaint from the '268 Action, and NCKU apparently believed that GEO had been served with the '380 Filed Complaint, which listed entirely different products than those listed in the '268 Action[1]. It is worth noting, at this point, that paragraph 4 of the '380 Served Complaint and the '380 Filed Complaint were identical, stating "GEO has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling at least the Realta Advanced Image Processor IC and sxW2 Advanced Geometry Processor."

The Parties' misunderstanding then unfolded as follows:

- On June 17, 2013, GEO's counsel emailed NCKU's counsel stating, "[t]he complaint identifies the [Original Image Processors]. It was our understanding that you agreed that these products clearly fall outside the scope of the patent . . . ." (Dkt. No. 11-3 at 4) GEO's counsel also requested an immediate action for dismissal and stated that the circumstances warrant sanctions. (*Id.*) GEO's counsel made no clear statement that the complaint GEO received was identical to the complaint in the '268 Action.

- Later on June 17, 2013, NCKU's counsel responded and declined to dismiss the complaint, stated that he believed the complaint (the '380 Filed Complaint), in paragraph 8, properly accused the New Image Processors and, apparently believing that GEO's counsel's statement about the Original Image Processors was referring to paragraph 4, apologized for the typographical error and stated

---

[1] The '380 Filed Complaint accuses GEO's Max 64180, Max 64380, MG 2580 and MG 3500 ("New Image Processors").

that NCKU would file an amended complaint that evening. NCKU's counsel also asked if GEO's counsel would accept service of the to-be-filed amended complaint in exchange for a 30-day extension of the time to answer. (Dkt. No. 11-3 at 3-4). Later that night NCKU filed its First Amended Complaint.

- On June 18, 2013, GEO's counsel responded, thanking NCKU's counsel for his explanation and stating "[w]e were very confused to receive another complaint naming [GEO]'s image processors. However, that matter now appears to be settled." (Dkt. No. 11-3 at 3) GEO's counsel further stated, regarding the amended complaint, that "[t]he products newly identified are new to [GEO]'s business . . ." and that she would like to "discuss this further before proceeding on this contentious route" when she returned to the office July 1, 2013. (*Id.*) GEO's counsel never comments that the language NCKU's counsel quoted as being in paragraph 8 was not in the complaint that GEO was apparently served with.

- On June 26, 2013, GEO's counsel stated that she was still awaiting a reply "as to whether your client is agreeable to discussing the amended complaint of June 17, naming [the New Image Processors]." (Dkt. No. 11-3 at 2-3) GEO's counsel also requested a "stipulation that no reply is due on the complaint served on June 10, incorrectly naming the [Original Image Processors]. Based on our email exchanges to date, it appears that we are in agreement that these image processors are not implicated by [the patent]." (*Id.*)

- On June 27, 2013, NCKU's counsel responded that he believed that the First Amended Complaint superseded the original complaint and requested

confirmation as to whether or not GEO's counsel would accept service or whether NCKU should proceed with formal service of process. (Dkt. No. 11-3 at 2).

- On July 1, 2013, NCKU's counsel responded to a voicemail from GEO's counsel, which is not in the record, stating that they did not believe a stipulation was necessary as NCKU believed the First Amended Complaint superseded the original complaint. (Dkt. No. 11-3 at 1). NCKU also stated that it believed threats of sanctions and fees were counterproductive, and that it felt it had adequately resolved what it perceived be a typographical error in the '380 Filed Complaint. (*Id.*)

- Later, on July 1, 2013, GEO's counsel responded that "the court's official records indicate a response is due today" and that GEO had "no choice but to file a response to avoid default judgment being recorded against [GEO] for products that have no bearing on the patent being asserted. As your office is in a position to stipulate that no response is due in view of your office's own errors, the source of any unproductive exchange stems from your end, not ours." (Dkt. No. 11-3 at 1). GEO stated that unless it received a stipulation it would file its answer. (*Id.*)

- GEO filed its answer later that day and then filed its motion seeking fees and costs two days later.

In short, despite multiple email exchanges and an unknown number of phone calls, the Parties never identified that they had a basic misunderstanding: NCKU had served the exact same complaint that it served in the '268 Action. Indeed, the actual issue only became apparent to the Court from statements that were first made in GEO's *Reply* (Dkt. No. 15, filed August 1,

- 5 -

2013). As such, it is clear to the Court that both parties bear some amount of fault for the ensuing confusion. GEO's motion is hereby **DENIED**.

The Court hopes that, in future, the Parties will work to communicate more clearly and collegially. It should be evident to both parties that, had they done so, they would have both saved their respective clients the countless hours that were instead spent arguing this dispute.

**SIGNED this 1st day of February, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE